IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| VELARIAN CARTER,   )<br>)<br>    Movant,   )<br>)<br>v.    )<br>)<br>UNITED STATES OF AMERICA,   )<br>)<br>    Respondent.   ) | CIVIL ACTION NO. 5:07-0477<br>(Criminal No. 5:04-0217) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Movant, by counsel, Matthew M. Robinson, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on August 3, 2007. (Document No. 180.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 185.)

**FACTUAL AND PROCEDURAL BACKGROUND**

Movant was charged in a Two-Count Indictment filed on October 20, 2004, with conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846 (Count 1), and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 2). (Criminal Action No. 5:04-0217, Document No. 27.) On November 2, 2004, the United States filed a Title 21 U.S.C. § 851 Information alleging that Movant had been convicted of a prior drug felony. (Id., Document No. 41.) Movant's jury trial began on March 30, 2005. (Id., Document No. 113.) Prior to the conclusion of the jury trial, the parties reached a plea agreement. (Id., Document Nos. 113, 116, and 119). Movant entered a plea of guilty on March 30, 2005, to Counts One and Two as charged in the Indictment. (Id.) A Presentence Investigation Report was prepared. (Id.,

Document No. 140.) Movant was sentenced on July 21, 2005. (Id., Document Nos. 138 and 142.) The District Court determined that Movant had a Base Offense Level of 32, and a Total Offense Level of 29, the Court having granted a three-level downward adjustment for acceptance of responsibility. (Id.) The District Court, however, noted that "pursuant to the Rule 11(c)(1)(C) sentencing bargain in this matter, the defendant's maximum term of imprisonment is ten-years." (Id., Document No. 142, p. 4.) The District Court ordered that Movant serve a 120-month term of incarceration as to Count One, and a 60-month term of incarceration as to Count Two, to run concurrently. (Id., Document Nos. 138 and 142.) The District Court also imposed a 4-year term of supervised release on Count One, and a 3-year term of supervised release on Count Two, to run concurrently. (Id.) On August 4, 2005, Movant filed his Notice of Appeal. (Id., Document No. 143.) In his appeal, Movant argued that (1) the District Court misunderstood the plea agreement, which capped his sentence at ten years but did not prohibit a lower sentence; and (2) that Movant's sentence under the advisory guidelines scheme of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), violated the Ex Post Facto Clause. The Fourth Circuit Court of Appeals affirmed Movant's sentence on April 20, 2006.[1] United States v. Carter, 170 Fed.Appx. 866

---

[1] In *United States v. Carter*, 170 Fed.Appx. 866 (4th Cir. 2006), the Fourth Circuit found as follows:

[1] Although the district court stated on more than one occasion that Carter's sentence was "capped" at ten years, Carter unambiguously agreed to a flat, ten-year sentence. The Government informed the court that the agreement was for a ten-year sentence, and Carter did not object. Carter's counsel stated that he advised his client to accept the guaranteed ten-year sentence, because had he gone to trial, he faced a much longer sentence. At sentencing, the Government again referred to the flat, ten-year agreement. Carter's counsel did not argue for a lower sentence but merely requested counseling and a specific placement. In addition, when the court stated that it was bound to impose the ten-year sentence, Carter did not object. The record clearly shows that the parties agreed to a ten-year sentence under Federal Rule of Criminal Procedure 11(c)(1)(C),

(4th Cir. 2006). Petitioner subsequently filed a petition for rehearing in the Fourth Circuit. On June 5, 2006, the Fourth Circuit denied the petition for rehearing and issued a mandate adopting its judgment affirming Movant's conviction on the merits. (Id., Document No. 174.)

On August 3, 2007, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 1:07-0477, Document No. 180.) As grounds for *habeas* relief, Movant alleges trial counsel was ineffective based upon the following: (1) "Carter was provided ineffective assistance of counsel during the plea stages when counsel negotiated a sentencing agreement calling for a 'capped ten year sentence' but failed to reduce the negotiated plea deal to writing;" and (2) "Carter's right to effective assistance of counsel at sentencing was violated when defense counsel failed to object to characterization of the negotiated plea deal as a "flat ten-year sentence" when the court previously stated the correct terms of the agreement at the plea hearing - a sentence capped at ten years." (Id., p. 5.) Accordingly, Movant requests that "his sentence be vacated and remanded for a new sentencing so that the court may utilize its full discretion to consider a sentence below 120 months and impose a reasonable sentence in conformity with the Rule 11(c)(1)(C) plea and sentencing agreement." (Id., p. 17.)

On August 6, 2007, the undersigned filed an Order requiring the United States to respond to Movant's claim. (Id., Document No. 186.) On October 4, 2007, the United States filed its

---

and Carter's protestations to the contrary are disingenuous.

[2]  Carter's ex post facto argument is foreclosed by the plea agreement. He stipulated to a ten-year sentence, and that is what he received. In fact, he was not sentenced under the Booker remedial advisory scheme. Instead, he was sentenced solely on his agreement. Moreover, even considering his ex post facto argument on the merits, it is unavailing.

3

Response to Movant's Motion arguing that Movant's "§ 2255 pleading is without merit and presents no basis to disturb his sentence through a petition for collateral review." (Id.) Specifically, Respondent argues that Movant's Motion is without merit because: (1) Movant's "claim for collateral relief is conclusively barred by the application of the time limitations established by the AEDPA" (Id., pp. 3 - 5.); (2) "A Movant may not re-litigate in collateral proceedings appeal issues resolved against him on direct appeal" (Id., p. 5.); and (3) "Even if the Court finds that Defendant's claim is not time-barred, or barred on other grounds, it should be rejected as meritless" (Id., pp. 5 - 9.). In support of his Response, Respondent attaches the Affidavits of defense counsel, Mr. Barron Helgoe and Matthew Victor.[2] (Id., Document Nos. 190-1 and 190-2.)

On October 16, 2007, Movant, by counsel, filed his Reply Memorandum. (Id., Document No. 191.) In his Reply, Movant argues as follows: (1) Movant's claim for collateral review is timely (Id., pp. 1 - 2.); (2) Movant is not re-litigating an issue resolved against him on direct appeal (Id., pp. 2 - 3.); and (3) Movant "was provided ineffective assistance of counsel during the plea stages when counsel negotiated a sentencing agreement calling for a 'capped ten-year sentence' but failed to reduce the negotiated plea deal to writing and failed to object to the characterization of the negotiated plea deal as a 'flat ten-year sentence'" (Id., pp. 3 - 7.).

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of

---

[2] The undersigned notes that Mr. Helgoe served as counsel at the sentencing hearing and Mr. Victor served as counsel at the trial and plea hearing. (Document No. 190-1.)

4

>the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues

5

advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

1. **Movant's Section 2255 Motion is Timely Under AEDPA.**

Respondent argues that Movant's "claim for collateral relief is conclusively barred by the application of the time limitations established by the AEDPA." (Civil Action No. 1:07-0477, Document No. 190, p. 3.) Specifically, Respondent contends that Movant's "conviction became final when the Fourth Circuit of Appeals issued the mandate on June 14, 2006. Defendant filed the present Motion on August 3, 2007; it is clearly out of time." (Id., p. 4.) In his Reply, Movant asserts that Respondent is incorrect in his believe that Movant's conviction became final on the date that the Fourth Circuit issued its mandate affirming the sentence on direct appeal. (Id., Document No. 191, pp. 1 - 2.) Citing Clay v. United States, 537 U.S. 522, 155 L.Ed.2d 88, 123 S.Ct. 1072 (2003), Movant argues that his sentence did not become final until his time for petitioning for certiorari expired. (Id.)

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

  (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255.

Movant was sentenced on July 21, 2005. On August 4, 2005, Movant filed his Notice of Appeal. The Fourth Circuit Court of Appeals affirmed Movant's sentence on April 20, 2006. Petitioner subsequently filed a timely petition for rehearing in the Fourth Circuit. The Fourth Circuit denied Movant's petition for rehearing on June 5, 2006, and Movant's sentence became final 90 days later when he did not file a petition for writ of certiorari with the United States Supreme Court (September 3, 2006). See Clay v. United States, 537 U.S. 522, 525,123 S.Ct. 1072, 1074, 155 L.Ed.2d 88 (2003)("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.") Thus, Movant had until September 2, 2007, to file his Section 2255 Motion. Movant filed his Section 2255 Motion on August 3, 2007. Thus, Movant's Motion is clearly timely.

**2. Section 2255 Claims Not Resolved on Direct Appeal.**

Next, Respondent argues that Movant claims must be dismissed as they were litigated and resolved on direct appeal. (Civil Action No. 1:07-0477, Document No. 190, p. 5.) Movant, however, claims that the issue of ineffective assistance of counsel was not resolved on direct appeal. (Id., Document No. 191, pp. 2- 3.) Specifically, Movant states that "[t]he record clearly establishes that Mr. Carter argued on appeal that the district court misunderstood the plea agreement, which had

7

capped the sentence at ten years but did not prohibit a lower sentence." (Id.) Movant asserts that he is "now arguing that his trial counsel were prejudicially ineffective in failing to make clear for the district court the true nature of the plea negotiations and terms." (Id., p. 3.)

In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974). Although Movant filed an appeal challenging his sentence, the undersigned notes that the claim of ineffective counsel was not asserted or resolved on appeal. On appeal, Movant asserted the following: (1) the District Court misunderstood the plea agreement, which "capped" his sentence at ten years; and (2) Movant's sentence under the advisory guidelines scheme of Booker violated the ex post facto clause. United States v. Carter, 170 Fed.Appx. 866 (4th Cir. 2006) In his Section 2255 Motion, Movant alleges that counsel was ineffective by (1) negotiating a sentencing agreement that called for a "capped ten year sentence" but failed to reduce the negotiated plea deal to writing, and (2) failing to object to the characterization of the negotiated plea deal as a "flat ten-year sentence" when the court previously stated the correct terms of the agreement at the plea hearing was a sentence capped at ten years. Based on the foregoing, the undersigned finds that Movant's claims of ineffective assistance of counsel were not asserted or resolved on direct appeal. The undersigned therefore finds that Movant's claim of ineffective

assistance of counsel is appropriately asserted in his Section 2255 Motion.[3]

### 3. **Movant's Claims of Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical

---

[3] Furthermore, it is well established that claims of ineffective assistance of counsel not raised on direct appeal, and raised on collateral attack, do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. *See United States v. Richardson*, 195 F.3d 192 (4th Cir. 1999), *cert. denied*, 528 U.S. 1096, 120 S.Ct. 837, 145 L.Ed.2d 704 (2000).

decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

      **(a)    Defense counsel's failure to get the sentencing bargain in writing.**

Movant alleges that the "outcome of the plea process was detrimentally effected by counsel's failure to sufficiently memorialize the agreement, because the outcome of the plea process was a sentencing court under the misguided notion that it was required to impose a 120 month sentence without considering any term of months beneath that." (Civil Action No. 1:07-0477, Document No. 181, p. 12.) Movant contends that he entered into an oral plea agreement wherein it was agreed that

Movant's sentence would be capped at ten years, but during sentencing the agreement was mischaracterized as a flat ten-year sentence. (Id., pp. 11 - 12.) Thus, Movant asserts that "had counsel memorialized the negotiated plea deal and sentencing bargain in a writing, there would not have been confusion at the sentencing hearing" and "the trial court would then have been in a position to consider a sentence below ten years incarceration." (Id., p. 12.)

The undersigned first finds that although it may be good practice, there is no requirement that a plea agreement be reduced to writing. In his Affidavit, Mr. Victor explains that the plea was not in writing because the offer was made during a recess at Movant' jury trial. (Civil Action No. 1:07-0477, Document No. 190-2.) Specifically, Mr. Victor states that "[u]pon return from the recess, the government offered Mr. Carter a very favorable plea deal. Of course, in the high-pressure atmosphere, with the Judge and the Jury awaiting the Defendant's decision, no written plea agreement was offered to the Court." (Id., p. 1.) It is clear from a review of the plea hearing transcripts that the terms of the plea agreement were stated for the record. Therefore, the undersigned cannot find that counsel was objectively unreasonable in failing to obtain the plea agreement in writing.

Even assuming trial counsel was objectively unreasonable in failing to memorialize the plea agreement in writing, Movant fails to establish how he was prejudiced. Movant contends that he was prejudiced because the District Court misunderstood the plea agreement. Specifically, Movant states that the plea agreement provided that his sentence would be capped at ten years, but "by the time of the sentencing hearing . . everyone forgot that the agreement was that Mr. Carter would have a 'capped' sentence of ten years." Based on a review of the record, the undersigned finds that the plea agreement provided for a flat ten-year sentence. During the plea hearing, the parties explained the plea agreement as follows:

11

> THE COURT: Okay. Mr. Bushong, do you want to put it on the record here?
>
> MR. BUSHONG: Yes, Your Honor. The United States will move the court to consider a plea agreement in this case. It's a plea, Your Honor, to the indictment, and the United States offers to the defendant a flat 10-year sentence under Rule11(c). And if the court agrees to that, the United States will stipulate to that sentence. I believe the defendant would stipulate to that sentence, and we would ask the court to consider that.
>
> THE COURT: Is that right, Mr. Victor?
>
> MR. VICTOR: Yes, Your Honor, with the understanding that, of course, my client would be eligible for credit for time served and all privileges that the BOP may offer him, as well as we would strongly recommend to this court to recommend to the BOP the drug treatment in this matter. Also, I understand that the government would have an avenue of any potential cooperation with the government open at this point, although this is not part of the sentence.

(Criminal Action No. 04-0217, Document No. 157-2, pp. 21 - 22.) When explaining the advantages of the plea agreement, the parties began referring to the plea agreement as "capping" Movant's sentence at ten years. Defense counsel explained the advantages as follows:

> . . . I'm also fully cognizant of the relevant conduct in this case. I am aware also of the fact that the status of the relevant conduct under the guidelines, and the guidelines themselves is in a state of turmoil, but nevertheless, I think that ultimately should my client be convicted of a felony, especially conspiracy to distribute cocaine, I'm afraid that some of the relevant conduct may put this - - put his sentence way up there. Besides, if he is convicted on two counts, there may be a possibility of consecutive sentences that the court may now impose under the advisory system. I think that this is the difference between what may and may not happen, i.e., the gamble of going forward with the trial, which I still do, by my assessment, believe to be a tough and uphill battle, and a relative sure thing, which is something that I've never been basically involved in in the federal system, i.e. a stipulated sentence that the court has graciously agreed to accept, so we know that now that his sentence of ten years is guaranteed and that he will receive, in all likelihood, all the advantages that the Bureau of Prisons can bestow upon him. So by our estimation, he may do as little as six years, and perhaps even less if the government wishes to offer him substantial assistance, which may or may not happen. I don't know. I take no position on that, but the advantage right now is that we are certain, and even more

> certain than under the regular plea agreement in the federal system, that Mr. Carter is capped at ten years. He cannot get any more time than that, and perhaps much, much less. And I think that this is the advantage to having a continuation of the trial, which may result in an acquittal, or may result in a conviction which would, of course, trigger and entail what I believe a prolonged sentence for my client. That's my assessment, Your Honor.

(Id., pp. 25 - 26.) Although defense counsel refers to the bargain as "capping" Movant's sentence at ten years, it is clear that the parties agreed to a flat ten year sentence. Defense counsel states that Movant's "sentence of ten years is guaranteed." It appears that defense counsel refers to the sentence as being "capped" to emphasis the advantages of the agreement.[4] Specifically, defense counsel was stressing that, if convicted, Movant was facing a potential sentence of ten years to life as to Count One. When stating that Movant's sentence could possibly be less than ten years, defense counsel was referring to the possibility that Movant's sentence could be reduced based upon "all the advantages that the Bureau of Prisons can bestow upon him" and if Movant chose to offer the government substantial assistance.[5] Movant, therefore, was not prejudice by the fact that the plea agreement was not memorialized in writing. The undersigned finds that if counsel would have insisted on the terms of the plea agreement being memorialized in writing, it would have clearly established that Movant agreed to a flat ten year sentence instead of a "capped" sentence of ten years.

   **(b)    Defense counsel's failure to object to the mis-characterization of the sentence bargain.**

Next, Movant argues that defense counsel was ineffective in failing to object "to the mis-

---

[4] As stated by the District Court, it is a rare occurrence in this district for the Court to accept a sentencing bargain. The usual practice in this district is that the terms of the plea agreement provide that sentencing is left within the sole discretion of the District Court.

[5] During sentencing, counsel requested that Movant be placed in a drug treatment program. (Document No. 158, p. 14.)

characterization of the negotiated sentence as a 'flat ten-year sentence,' even though the sentence agreed to during plea negotiations and accepted by the court was a sentence capped at ten years." (Civil Action No. 1:07-0477, Document No. 181, p. 13.) Movant contends that counsel's failure to object resulted in the District Court erroneously believing that the plea agreement required a flat sentence of ten years. (Id., pp. 14 - 16.) Movant therefore contends that the District Court "did not consider a sentence below ten years incarceration despite the fact that the plea agreement specifically required the court to consider a sentence lower than ten years." (Id., p. 16.) In his Affidavit, Mr. Helgoe states that he did not act ineffectively in failing to object to Movant's sentence because Movant "actually received what he bargained for, a sentence of ten years. There is no prejudice." (Id., Document No. 190-1.) As stated above, the undersigned finds that Movant's plea agreement provided for a flat ten year sentence. Thus, Movant suffered no prejudice from counsel's failure object to Movant's sentencing because the District Court appropriately sentenced Movant to an 120-month term of incarceration pursuant to his plea agreement. Movant's assertion that the District Court was misguided or forgot that Movant's sentence was "capped" at ten years is without merit.

Moreover, it appears that the District Court considered imposing a lesser sentence even though the plea agreement provided for a flat ten year sentence. During the sentencing hearing, the District Court explained that Movant's maximum term of imprisonment was ten years.[6] Specifically,

---

[6] In the "Memorandum of Sentencing Hearing and Report of Statement of Reasons," the District Court states as follows (Document No. 142, p. 4.):

> The Guideline as to count one is . . . [i]mprisonment for a term of 108 to 135 months. The range on Count II is capped by statute at sixty months. However, pursuant to the Rule 11(c)(1)(C) sentencing bargain in this matter, the defendant's maximum term of imprisonment is ten-years.

14

the District Court stated as follows:

> The criminal history category is III. The guideline range, putting aside the sentence bargain for a moment, is imprisonment for 108 to 135 months, but pursuant to the sentencing bargain, the guideline range would be capped at 120 months.

(Criminal Action No. 04-0217, Document No. 158, p. 12.) When imposing Movant's 120 month term of incarceration, the District Court acknowledged that it was complying with the sentencing bargain and believed the sentence to be appropriate. Specifically, the District Court explained as follows:

> I accepted a sentencing bargain in this case, which is a very rare occurrence in this district. This was an unusual case. Trial was started and that was a resolution that appeared to me to be fair and reasonable under the circumstances that existed at that time. And having received and reviewed the presentence report, I think it's a fair sentence under all the facts and circumstances of this case, and it will satisfy all the statutory objectives of sentencing.
>
> I considered all the factors under 18 U.S.C. § 3553(a) in considering the plea and agreeing to accept the sentence bargain.

(Id., pp. 17 - 18.) Based upon the foregoing, the undersigned finds that Movant was appropriately sentenced pursuant to his plea agreement, and suffered no prejudice from counsel's failure object to the characterization of the negotiated sentence as a "flat ten-year sentence."

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 180.) and **REMOVE** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**,

and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

Date: April 14, 2010.

*R. Clarke VanDervort*
R. Clarke VanDervort
United States Magistrate Judge